[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was heard by me at an earlier date and judgment was entered for the defendant. The defendant has now moved for CT Page 3673 attorney's fees pursuant to Practice Book Section 241. Earlier in these proceedings he had filed requests for admissions under Section 238 and three of those requests were denied by the plaintiff.
The first request denied reads:
 The buyer, by his attorney, John H. Welch, Jr., formally notified the seller of his inability to obtain a mortgage commitment on or before March 13, 1987.
I interpret this to mean that the plaintiff was called upon to admit that such a letter did exist and that it was genuine. I conclude that it was unreasonable to make such a denial when the original letter was either physically in his possession or in the hands of his attorney.
The second request denied reads:
 Said contract by its terms became null and void on or before March 13, 1987 as a result of the buyer giving notice to the seller of his inability to obtain a mortgage commitment on or before that date.
I do not regard this denial as being unreasonable. As noted in my earlier memorandum, there is a line of cases holding that deadlines in real estate contracts are to be liberally construed and that normally, time is not of the essence. It was not until I reviewed all the evidence that I concluded that in this particular case, the general rule did not apply and that here, time was, in fact, of the essence. Only then did I conclude that the contract became null and void on March 13.
The third request denied reads:
 At no time during the pendency of said listing agreement did plaintiff produce a purchaser ready, willing and able to purchase said condominium.
Whether or not this was a correct statement depends upon whether or not the contract became void on March 13, so for the same reasons that I concluded that the second denial was not unreasonable, I conclude that this denial was not unreasonable.
The defendant maintains that if it had not been for these denials, a trial would have been obviated and therefore, he claims total value of legal services should be awarded to him. I CT Page 3674 disagree. A trial was necessary to determine whether or not time was of the essence. Proving the letter of Attorney Welch required only minimal time and effort. A reasonable fee for that is $150.00. True, there was the expense of subpoenaing Attorney Welch, but that is properly includable in the defendant's bill of costs.
The defendant is awarded an attorney's fee of $150.00.
J. HEALEY STATE TRIAL REFEREE